

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-19-2002

# Prudential Ins Co v. Massaro

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-2977

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Prudential Ins Co v. Massaro" (2002). *2002 Decisions.* Paper 420.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/420

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 01-2977


PRUDENTIAL INSURANCE COMPANY OF AMERICA

v.

JOHN J. MASSARO,

Defendant/Third-Party Plaintiff

v.

JOHN DOES I-X

Third-Party Defendant


John J. Massaro,
Appellant


ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

(District Court No. 97-CV-2022)
District Court Judge: Alfred M. Wolin


Submitted Under Third Circuit LAR 34.1(a)
June 25, 2002

Before: ALITO, AMBRO, and GARTH, Circuit Judges.

(Opinion Filed:   July 18, 2002)


OPINION OF THE COURT


PER CURIAM:
    Prudential Insurance Company of America ("Prudential") brought this action to
permanently enjoin its former in-house attorney in its Florida legal department, John
Massaro, from disclosing any additional confidential or privileged information about the
company.  Prudential alleges that Massaro, who has already made multiple disclosures of
this nature directly to Prudential's legal adversaries, has unjustifiably breached his duty
as Prudential's attorney and fiduciary.  The District Court agreed.  It granted summary

judgment to Prudential and ordered a permanent injunction to silence Massaro. We affirm.

The long factual narrative of this case is well known to the parties. The central issue on appeal is whether Massaro's disclosures can be justified under the crime-fraud exception to the attorney-client privilege and the duty of confidentiality. We hold that Massaro's disclosures were not justified by the crime-fraud exception.

Generally, attorneys have a duty not to disclose the confidences of their clients. The attorney-client privilege protects confidential communications made between attorney and client for the purpose of obtaining or providing legal assistance. See Restatement of the Law (Third) Governing Lawyers  68 et seq. ("Restatement"). In addition, an attorney's broader duty of confidentiality covers "information relating to the representation of a client," regardless of the source of that information or its disclosure by others. Restatement  59. Disclosure of this confidential information is forbidden where "there is a reasonable prospect that doing so will adversely affect a material interest of the client . . . ." Id.  60. The law in Florida and in New Jersey are substantially consistent with each other and the Restatement. See Fla. State Bar Rule 4-1.6; N.J. Rule of Prof. Conduct 1.6.

The crime-fraud exception to both the duty of confidentiality and the attorney-client privilege allows an attorney to disclose confidential information in certain circumstances. See Haines v. Liggett Group, Inc., 975 F.2d 81, 90 (3d Cir. 1992). In Florida, an affirmative duty to disclose privileged or confidential information arises only when necessary to prevent a crime or bodily harm. See The Florida Bar v. Lange, 711 So. 2d 518, 519-20 (Fla. 1998). In this Circuit, use of privileged material under the crime/fraud exception requires a three-step judicial process: (1) presentation of the factual basis for a good faith belief that the exception would apply, (2) in camera evaluation of the material by the court, and (3) affording the party opposed to disclosure "an absolute right to be heard by testimony and argument." See Haines, 975 F.2d at 96-97.

Applying the ethical rules and precedents of New Jersey, Florida, and this Circuit, the District Court thoroughly explained why, as a matter of law, Massaro could not prevail. It stated unequivocally that

> Massaro obviously complied with none of these procedural niceties designed to protect his client, Prudential, from an improvident assertion of the crime-fraud [exception to the] privilege. Massaro had no right unilaterally to invoke the crime-fraud exception; his statement to Prudential that his ethical duty compelled disclosure was completely contrary to law. . . .
>
> Absent a judicial finding [authorizing disclosure, Massaro's] confiding in attorneys adverse to Prudential, giving sworn statements to authorities investigating the company, [and] filing an affidavit in open court all were in flagrant violation of Massaro's duty as an attorney.

Appendix at 28.

We agree that Massaro cannot justify his disclosures as within the crime-fraud exception or upon any other basis. Though perhaps in good faith, his actions inexcusably contravened his ethical duties as an attorney. The grant of summary judgment to Prudential and the permanent injunction against Massaro are affirmed.

TO THE CLERK OF THE COURT:

Kindly file the foregoing Opinion.


                                   Circuit Judge